■ PRIME INCOME ASSET MANAGEMENT, INC., et al., Appellants, v AMERICAN REAL ESTATE HOLDINGS, L.P., et al., Respondents. [839 NYS2d 12]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered March 1, 2007, which, upon reargument, adhered to a prior order denying plaintiffs' motions to amend and supplement the complaint and add parties defendant, to compel deposit of disputed rents into court, and for a preliminary injunction, and granting defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from the prior order, same court and Justice, entered December 6, 2006, unanimously dismissed, without costs, as superseded by the appeal from the order on reargument.

The written contract, by its terms, automatically terminated when the buyer failed to pay the balance of the purchase price by the last written extension, time being of the essence. Although parol evidence indicates that the parties were still informally working toward closing, in order to bind the parties, an extension of the closing deadline had to be in writing (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157 [1990]). There was no such writing.

In an attempt to resurrect the contract, plaintiffs assert the doctrines of waiver, part performance and estoppel. But these doctrines are unavailing on the record presented. Plaintiffs presented insufficient evidence to establish part performance or significant reliance on any representations made by defendants. In the absence of such evidence, plaintiffs cannot overcome the statute of frauds (*see Rose v Spa Realty Assoc.*, 42 NY2d 338 [1977]). Evidence of an oral agreement, alone, is insufficient for that purpose.

The evidence relied upon by plaintiffs was largely conclusory. To the extent they claim to have foregone an opportunity to close on the Smurfit-Stone facility in reliance on oral modification of the contract, of which they claim defendants were in breach, plaintiffs did not adequately support their argument. In the absence of definitive evidence that plaintiffs were ready, willing and able to close on the date in question, the failure to close could just as easily be referable to inability to do so, as opposed to defendants' breach or the existence of an extension.

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Andrias, Nardelli, Williams and Gonzalez, JJ.